UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN LOPEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC., and DOES 1–100,<br><br>                    Defendants. | Case No.: 23-cv-0429-L-AHG<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>**[ECF No. 8]** |

Pending before the Court is Plaintiff Cristian Lopez's ("Plaintiff") motion to remand. (ECF No. 8.) Defendant Seaworld LLC ("Defendant"), erroneously sued as Seaworld Parks & Entertainment, Inc., filed an opposition. (ECF No. 13.) For the reasons stated below, Plaintiff's motion to remand is denied.

**I.   BACKGROUND**

On January 31, 2023, Plaintiff, a citizen of California, filed a complaint in San Diego Superior Court. (ECF No. 6, at 3, 6.) Defendant was served with the complaint on February 7, 2023. (ECF No. 13-1, Marrero Decl., at 2.) Defendant filed a notice of removal in the United States District Court for the Southern District of California on March 8, 2023, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the grounds for removal. (ECF No. 6, at 3–4.) A copy of the notice was mailed to Plaintiff's counsel the same day. (ECF No. 6, at 15.) On March 10, 2023, Plaintiff filed an

amendment to his complaint in San Diego Superior Court naming Marc Alnwick as DOE 1.  (ECF No. 8-3, at 14–16.)  Alnwick, a citizen of California, was served on March 17, 2023.  (ECF No. 8-4.)  Defendant filed a notice of removal in San Diego Superior Court on March 30, 2023.  (ECF No. 8-5, at 2.)  Plaintiff now moves to remand the instant action for lack of subject-matter jurisdiction.  (ECF No. 8.)

## II.    DISCUSSION

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant."  *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).  It follows that the addition of Alnwick to the present case would destroy diversity and require remand.  The dispositive question then is whether Plaintiff's amendment to his complaint, including the addition of Alnwick as a defendant, is properly before the Court.

"The removal of an action to federal court necessarily divests state and local courts of their jurisdiction over a particular dispute."  *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1011 (9th Cir. 2000); *see also* 28 U.S.C. § 1446(d) (stating that following removal "the State court shall proceed no further unless and until the case is remanded").  The Ninth Circuit has held that "the clear language of the general removal statute provides that the state court loses jurisdiction upon the filing of the petition for removal."  *Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1238 (9th Cir. 1994).  Thus, the instant action was removed and the state court was stripped of jurisdiction on March 8, 2023, when Defendant filed the petition for removal in federal court.  Plaintiff's March 10, 2023 amendment is vacated and Alnwick is not a defendant in the present federal action.  *See Resol. Tr. Corp.*, 43 F.3d at 1239; *Kern v. Huidekoper*, 103 U.S. 485, 493 (1880) ("After the filing in the United States Circuit Court . . . of the record of the proceedings in the State court, the latter lost all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment

were not, as some of the State courts have ruled, simply erroneous, but absolutely void."). Accordingly, the parties before the Court are diverse and remand is not warranted.

### III. CONCLUSION

For the forgoing reasons, Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 2, 2023

_____
Hon. M. James Lorenz
United States District Judge