UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN LOPEZ,<br><br>                            Plaintiff,<br><br>v.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC.,<br><br>                            Defendant. | Case No.: 3:23-cv-00429-L-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION TO EXTEND DISCOVERY DEADLINE [ECF No. 19],**<br><br>**(2) GRANTING JOINT MOTION TO EXTEND DEADLINE TO NOTIFY COURT OF DISCOVERY DISPUTE [ECF No. 21], and**<br><br>**(3) ISSUING FIRST AMENDED SCHEDULING ORDER** |

      Before the Court are two motions: (1) the parties' joint motion extend discovery deadlines and amend the scheduling order, and (2) the parties' joint motion to continue the deadline notify the Court of a discovery dispute. ECF Nos. 19, 21. The parties seek an order from the Court extending the fact discovery deadline by approximately 60 days. ECF No. 19 at 4. The parties also seek an order from the Court extending their deadline to raise a discovery dispute by approximately 30 days. ECF No. 21 at 3.

Parties seeking to continue deadlines in the scheduling order, or other deadlines set forth by the Court, must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); *see also* ECF No. 12 at 6 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

As an initial matter, both of the parties' joint motions are deficient. The parties failed to provide declarations from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"). The Court will take the parties at their word without the required declaration, but will not do so again. Further, without these declarations, the parties' motions lack the level of specificity required by the Court.

The Case Management Conference ("CMC") in this matter was held on May 24, 2023. ECF No. 11. At the conference, the Court set the fact discovery cutoff for October 23, 2023. ECF No. 12. On June 22, 2023—29 days after the CMC and 73 days

after the fact discovery period opened[1]—Defendant served interrogatories and requests for production on Plaintiff. ECF No. 19 at 2. On August 8, 2023—76 days after the CMC and 120 days after the fact discovery period opened—Plaintiff served special interrogatories, requests for production of documents, and requests for admission on Defendant. *Id*. at 3. Plaintiff's responses to Defendant's discovery requests were due, after a three-week extension, on August 15, 2023. ECF No. 21 at 2. After meeting and conferring regarding Plaintiff's responses, Plaintiff agreed to provide supplemental responses by September 20, 2023, but subsequently requested a 30-day extension to October 20, 2023. *Id*. Defendant's responses to Plaintiff's discovery requests are due, after an extension, on October 11, 2023. ECF No. 19 at 3. Due to the lack of discovery responses received to date, the parties jointly request that the fact discovery deadline, and all other scheduling order deadlines, be extended by 60 days.

The Court notes that the many delays in this case could belie a finding of diligence. Further, the parties offer no explanation regarding the significant delays in propounding or responding to written discovery.

Upon due consideration, the Court **GRANTS IN PART** the parties' motion to amend the scheduling order (ECF No. 19) and **GRANTS** the parties' motion to extend the discovery dispute deadline (ECF No. 21). The Court issues the following First Amended Scheduling Order:

1. The parties must review and familiarize themselves with the Civil Local Rules of this District, the Electronic Case Filing Administrative Policies and Procedures, the Standing Order for Civil Cases issued by the Hon. M. James Lorenz, and the undersigned Magistrate Judge's Chambers Rules, all of which are posted on this District's website.

---

[1] *See* ECF No. 7 at 3 (requiring that the parties meet and confer pursuant to Rule 26(f) by April 10, 2023, and noting that "the Court will consider discovery to be open after the parties have met and conferred pursuant to Rule 26, and will take this deadline into account when setting the case schedule during the CMC").

2.  The Second ENE, set for **November 1, 2023** at **2:00 p.m.** before the Honorable Allison H. Goddard, remains on calendar. *See* ECF No. 17.

### Discovery

3.  **October 23, 2023** *remains* the deadline for completion of fact discovery, except for the following:

    a.  All depositions must be taken on or before **December 22, 2023**.

    b.  By **December 22, 2023**, the parties must have finalized their responses to written discovery requests that have already been served.

4.  By **November 1, 2023 at 10:00 a.m.**, the parties must *jointly* submit via email (to efile_goddard@casd.uscourts.gov) a Joint Status Report that outlines what depositions they will need to take before December 22, with confirmed dates for each deposition.

5.  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court.

6.  The Court appreciates that the parties have been working together to resolve their disputes without judicial intervention. Thus, the parties must bring any discovery dispute regarding Plaintiff's supplemental responses to Defendant's special interrogatories and requests for production (*see* ECF No. 21) to the Court's attention in the manner described in Paragraph 5 no later than **October 30, 2023**.

//

7. No later than **January 22, 2024**, the parties shall designate their respective experts in writing. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be no later than **February 20, 2024**. The written designations shall include the name, address and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

8. No later than **January 22, 2024**, each party shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as a party's employee regularly involve giving expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use the undisclosed evidence or testimony at any hearing or at trial. In addition, the court may impose sanctions as permitted by Rule 37(c).**

9. No later than **February 20, 2024**, the parties shall supplement their disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D).

10. All expert discovery shall be completed by all parties no later than **April 16, 2024**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. *See* ECF No. 12 at 3. Failure to comply with this section or any other discovery order of the court may result in Rule 37 sanctions, including preclusion of expert or other designated evidence.

### Motion Briefing

11. Except for motions *in limine*, all pretrial motions must be filed no later than **May 7, 2024**. As provided herein and in the Standing Order, **certain motions, including motions for class certification, must be filed well before this date.**

12. Counsel for the moving party must obtain a motion hearing date from the law

clerk of the judge who will hear the motion. The period of time between the date of requesting a motion date and the hearing date typically exceeds 30 days. Failure to make a timely request for a motion date may result in the motion not being heard.

13. Motion briefing must comply with all applicable Rules, Local Rules, Standing Order, Chambers Rules and court orders.

## Mandatory Settlement Conference

14. A Mandatory Settlement Conference shall be conducted on **July 19, 2024** at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **June 26, 2024**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **July 3, 2024**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **July 11, 2024**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **July 11, 2024**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.

**Final Pretrial Conference**

15. Memoranda of Contentions of Fact and Law are not required and will not be accepted.

16. No later than **August 26, 2024**, counsel shall comply with Rule 26(a)(3) pretrial disclosure requirements. Failure to comply could result in evidence preclusion or other Rule 37 sanctions.

17. No later than **September 3, 2024**, counsel shall meet and take the action required by Local Rule 16.1(f)(4) with a view to enter into stipulations and agreements to simplify issues for trial. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to other parties' Rule 26(a)(3) pretrial disclosures. Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

18. Counsel for plaintiff is responsible for preparing the proposed final pretrial conference order and arranging the meetings of counsel pursuant to Local Rule 16.1(f). No later than **September 9, 2024**, plaintiff's counsel must provide opposing counsel with the draft proposed final pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content. Both sides shall attempt promptly to resolve their differences, if any, concerning the proposed order.

19. The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz no later than **September 16, 2024**, and shall comply with Local Rule 16.1(f)(6).

20. The Final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **September 23, 2024** at **11:00 a.m.**. Trial briefs are not required for cases tried to the jury. Leave to file a trial brief for a jury trial must be obtained from Judge Lorenz at the Final Pretrial Conference.

//

## Additional Provisions

21. Upon parties' request, a post-trial settlement conference before a Magistrate Judge may be held within 30 days of verdict.

22. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated:  September 29, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge