UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN LOPEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC.,<br><br>                    Defendant. | Case No.: 3:23-cv-00429-L-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER, and**<br><br>**(2) ISSUING SECOND AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 33]** |

Before the Court is the parties' joint motion to extend discovery deadlines and amend the scheduling order. ECF No. 33. The parties seek an order from the Court extending certain discovery deadlines by approximately 30 to 60 days. *Id.* at 4.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 22 at 8 (Amended Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown");

Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties represent to the Court that they have finalized the dates for Plaintiff's IME, Mr. Alnwick's deposition, and Defendant's Rule 30(b)(6) witness's ("PMK") deposition—February 9, 12, and 13, respectively. ECF No. 33 at 3. Thus, the parties seek an extension of the expert discovery deadlines, which are currently set to expire before these depositions take place. *Id*. at 3–4.

The Court notes that the parties have unduly delayed the scheduling of the depositions at issue. *Compare* ECF No. 29 (setting deadline of November 28, 2023, for parties to set firm dates for Mr. Alnwick's and PMK's depositions) *with* ECF No. 33 (firm dates set for Mr. Alnwick's and PMK's depositions on January 3, 2024). However, in light of the case's posture and the preference of courts to decide cases on the merits, the Court finds good cause to **GRANTS IN PART**[1] the parties' motion to amend the scheduling order. ECF No. 33. The Court issues the following Second Amended Scheduling Order:

1.  The parties must review and familiarize themselves with the Civil Local Rules of this District, the Electronic Case Filing Administrative Policies and Procedures, the Standing Order for Civil Cases issued by the Hon. M. James Lorenz, and the undersigned Magistrate Judge's Chambers Rules, all of which are posted on this District's website.

---

[1] Though the Court grants the parties' general request for an extension, it did not accept all dates suggested by the parties.

**Discovery**

2. **October 23, 2023** *remains* the deadline for completion of fact discovery, except for the following:

    a. **December 22, 2023** *remains* the deadline for the parties to have finalized their responses to written discovery requests.

    b. All depositions must be taken on or before **March 1, 2024**.

3. No later than **March 1, 2024**, the parties shall designate their respective experts in writing. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be no later than **March 22, 2024**. The written designations shall include the name, address and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

4. No later than **March 1, 2024**, each party shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as a party's employee regularly involve giving expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use the undisclosed evidence or testimony at any hearing or at trial. In addition, the court may impose sanctions as permitted by Rule 37(c).**

5. No later than **March 22, 2024**, the parties shall supplement their disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D).

6. All expert discovery shall be completed by all parties no later than **May 16, 2024**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. *See* ECF No. 12 at 3. Failure to comply with this section or any other discovery order of the court may result in Rule 37 sanctions, including preclusion of expert or other designated evidence.

**Mandatory Settlement Conference**

7. A Mandatory Settlement Conference shall be conducted on **May 22, 2024** at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard** *via videoconference*. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **May 1, 2024**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **May 8, 2024**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **May 15, 2024**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **May 15, 2024**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules. No later than **May 15, 2024**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees, and the cell phone number for each party's preferred point of contact. The parties are reminded that party representatives with full settlement authority are required to attend the videoconference. All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.

**Motion Briefing**

8. Except for motions *in limine*, all pretrial motions must be filed no later than **June 7, 2024**. As provided herein and in the Standing Order, **certain motions, including motions for class certification, must be filed well before this date.**

9. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date of requesting a motion date and the hearing date typically exceeds 30 days. Failure to make a timely request for a motion date may result in the motion not being heard.

10. Motion briefing must comply with all applicable Rules, Local Rules, Standing Order, Chambers Rules and court orders.

**Final Pretrial Conference**

11. Memoranda of Contentions of Fact and Law are not required and will not be accepted.

12. No later than **September 20, 2024**, counsel shall comply with Rule 26(a)(3) pre-trial disclosure requirements. Failure to comply could result in evidence preclusion or other Rule 37 sanctions.

13. No later than **September 27, 2024**, counsel shall meet and take the action required by Local Rule 16.1(f)(4) with a view to enter into stipulations and agreements to simplify issues for trial. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to other parties' Rule 26(a)(3) pretrial disclosures. Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

14. Counsel for plaintiff is responsible for preparing the proposed final pretrial conference order and arranging the meetings of counsel pursuant to Local Rule 16.1(f). No later than **October 4, 2024**, plaintiff's counsel must provide opposing counsel with the draft proposed final pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or

content.  Both sides shall attempt promptly to resolve their differences, if any, concerning the proposed order.

15. The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz no later than **October 11, 2024**, and shall comply with Local Rule 16.1(f)(6).

16. The Final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **October 21, 2024** at **11:00 a.m.**.  Trial briefs are not required for cases tried to the jury.  Leave to file a trial brief for a jury trial must be obtained from Judge Lorenz at the Final Pretrial Conference.

## Additional Provisions

17. Upon parties' request, a post-trial settlement conference before a Magistrate Judge may be held within 30 days of verdict.

18. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated: January 8, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge